# EXHIBIT A

11-23-16
105pm

OCT. 7.2016  2:40PM     QUADE LAW                                    No. 0245   P. 2

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** SEE ATTACHMENT
*(AVISO AL DEMANDADO):*

**FILED BY FAX**
ALAMEDA COUNTY
October 07, 2016
CLERK OF
THE SUPERIOR COURT
By Lynn Wiley, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** BARRY FRANKS, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

SUPERIOR COURT OF CALIFORNIA
24405 AMADOR STREET
HAYWARD, CA 94544
HAYWARD HALL OF JUSTICE

**CASE NUMBER:**
*(Número del Caso):*
HG16834441

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

QUADE & ASSOCIATES, a PLC
MICHAEL D. QUADE, ESQ. (S.B. #171930)
CHERYL L. GUSTAFSON, ESQ. (S.B. #234490)
3377 CARMEL MOUNTAIN ROAD, SUITE 250, SAN DIEGO, CA 92121

858-642-1778

DATE:                                        Clerk, by                                         , Deputy
*(Fecha)*        Lynn Wiley  2-1700          *(Secretario)*                              *(Adjunto)*

For proof of service of this summons, use Proof of Service of Summons (form POS-010).
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

SUM-200(A)

| SHORT TITLE: Franks v. Mallinckrodt Enterprises LLC, et al. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (*Check only one box. Use a separate page for each type of party.*):

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

MALLINCKRODT ENTERPRISES LLC, a Delaware limited liability company; MALLINCKRODT LLC, a Delaware limited liability company; ENTERPRISES HOLDINGS, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS MALLINCKRODT PHARMACEUTICALS, a Delaware corporation; MALLINCKRODT HOLDINGS, LLC, a Delaware limited liability company; MALLINCKRODT ARD, INC., a California corporation; MALLINCKRODT ENTERPRISES HOLDINGS, INC., a California corporation; MI HOLDINGS, INC., a Missouri corporation; MALLINCKRODT HOSPITAL PRODUCTS INC.; a Delaware corporation; MALLINCKRODT U.S. HOLDINGS, INC., a Nevada corporation; QUESTCOR PHARMACEUTICALS, INC., a California corporation; and DOES 1 through 20, inclusive,

Page 1 of 1

Page 1 of 1

### ADDITIONAL PARTIES ATTACHMENT
#### Attachment to Summons

Legal Solutions® Plus

## Superior Court of California, County of Alameda



## Notice of Assignment of Judge for All Purposes

Case Number: HG16834441
Case Title:     Franks VS Mallinckrodt Enterprises LLC
Date of Filing: 10/07/2016

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| Judge: | Sandra K. Bean |
| Department: | 301 |
| Address: | George E. McDonald Hall of Justice |
| | 2233 Shoreline Drive |
| | Alameda CA 94501 |
| Phone Number: | (510) 263-4301 |
| Fax Number: | (510) 267-5713 |
| Email Address: | Dept.301@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

**General Procedures**

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, George E. McDonald Hall of Justice, 2233 Shoreline Drive, Alameda, California, 94501 and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Sandra K. Bean
DEPARTMENT 301

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

You may schedule case management hearings, law & motion hearings and other calendar events with Dept. 301 by e-mail. The use of e-mail is not a substitute for filing pleadings or filing other documents. You must provide copies of all email communications to each party (or the party's attorney if the party is represented) at the same time that you send the e-mail to the Court and you must show that you have done so in your e-mail.

Courtesy copies of all moving, opposition and reply papers should be delivered directly to Dept. 301 at the George E. McDonald Hall of Justice, 2233 Shoreline Dr., Alameda, CA 94501.

**Schedule for Department 301**

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Monday through Thursday at 8:30 a.m. to 1:00 p.m.

- Case Management Conferences are held: Monday, Tuesday & Thursday at 2:30 p.m.

- Law and Motion matters are heard: Mondays and Wednesdays at 2:30pm

- Settlement Conferences are heard: As Scheduled by Judge

- Ex Parte matters are heard: Mondays and Wednesdays at 3:00pm

- Civil Jury Trial Readiness Hearings heard on Fridays at 10:00 a.m.

**Law and Motion Procedures**

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
    Email:        Dept.301@alameda.courts.ca.gov
    Phone:      510-263-4301

- Ex Parte Matters
    Email:        Dept.301@alameda.courts.ca.gov
    Phone:      510-263-4301

## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 301

- Phone:  1-866-223-2244

Dated:  10/12/2016

_____
Presiding Judge,
Superior Court of California, County of Alameda

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 10/13/2016

By    _____
Deputy Clerk

Quade & Associates, a PLC
Attn: Gustafson, Cheryl L.
3377 Carmel Mountain Road
Suite 250
San Diego, CA   92121

## Superior Court of California, County of Alameda

| | |
|---|---|
| Franks | No. **HG16834441** |
| **Plaintiff/Petitioner(s)** | |
| VS. | **NOTICE OF CASE MANAGEMENT** |
| | **CONFERENCE AND ORDER** |
| Mallinckrodt Enterprises LLC | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** | |
| **(Abbreviated Title)** | |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 02/23/2017 Time: 02:30 PM | Department: 301 Location: **George E. McDonald Hall of Justice** **First Floor** **2233 Shoreline Drive, Alameda  CA  94501** Internet: **www.alameda.courts.ca.gov** | Judge:  **Sandra K. Bean** Clerk:  **Nancy Rose** Clerk telephone:  **(510) 263-4301** E-mail: **Dept.301@alameda.courts.ca.gov** Fax:  **(510) 267-5713** |
|---|---|---|

### ORDERS

1. **Plaintiff** must:

   a. **Serve all** named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

   b. **Give notice** of this conference to all other parties and file proof of service.

2. **Defendant must** respond as stated on the summons.

3. **All parties who have appeared** before the date of the conference must:

   a. **Meet and confer,** in person or by telephone as required by Cal. Rules of Court, rule 3.724;

   b. **File and serve** a completed *Case Management Statement* on Form CM-110 at least **15** days before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

   c. **Post jury fees** as required by Code of Civil Procedure section 631.

4. If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5. You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed. You may be able to appear at Case Management Conferences by telephone. Contact CourtCall, an independent vendor, at least three business days before the scheduled conference. Call 1-888-882-6878, or fax a service request to (888) 882-2946. The vendor charges for this service.

6. You may file *Case Management Conference Statements* by E-Delivery. Submit them directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to *www.alameda.courts.ca.gov/ff.*

7. The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the website of each assigned department for procedures regarding tentative case management orders at *www.alameda.courts.ca.gov/dc.*

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 10/13/2016.

By _____ dgtal
                Deputy Clerk



# Superior Court of California, County of Alameda
# Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

---

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial.  You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;

- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or

- Agree to ADR at your Initial Case Management Conference.

**QUESTIONS?**  Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
Or visit the court's website at http://www.alameda.courts.ca.gov/adr

---

### What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program**:  Mediators do not charge fees for the first two hours of mediation.  If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

o **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

## Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377   Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035   Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100   Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ALA ADR-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:          FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |
| **SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY** <br> STREET ADDRESS: <br> MAILING ADDRESS: <br> CITY AND ZIP CODE: <br> BRANCH NAME: | |
| PLAINTIFF/PETITIONER: <br> DEFENDANT/RESPONDENT: | |
| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

   Date:                  Time:                  Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process *(check one)*:

   ☐ Court mediation        ☐ Judicial arbitration

   ☐ Private mediation       ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____    ▶ _____
       (TYPE OR PRINT NAME)                     (SIGNATURE OF PLAINTIFF)

Date:

_____    ▶ _____
       (TYPE OR PRINT NAME)                (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

**ALA ADR-001**

| | |
|---|---|
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | CASE NUMBER.: |

Date:

_____        ▶ _____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF DEFENDANT)

Date:

_____        ▶ _____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Page 2 of 2

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

1  **QUADE & ASSOCIATES, a PLC**
   MICHAEL W. QUADE, ESQ.    [S.B. #171930]
2  CHERYL L. GUSTAFSON, ESQ.   [S.B. #234490]
   3377 Carmel Mountain Road, Suite 250
3  San Diego, California 92121
   Telephone: (858) 642-1700
4  Facsimile: (858) 642-1778

5  Attorneys for Plaintiff Barry Franks

                              **FILED BY FAX**
                              **ALAMEDA COUNTY**
                              **October 07, 2016**
                              **CLERK OF**
                              **THE SUPERIOR COURT**
                              **By Lynn Wiley, Deputy**
                              **CASE NUMBER:**
                              **HG16834441**

6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            COUNTY OF ALAMEDA - HAYWARD HALL OF JUSTICE

10  BARRY FRANKS, an individual,                | CASE NO.

11                          Plaintiff,

12          v.                                   | I/C JUDGE:
                                                 | Dept:
13  MALLINCKRODT ENTERPRISES LLC, a
    Delaware limited liability company;
14  MALLINCKRODT LLC, a Delaware limited         | **COMPLAINT FOR:**
    liability company; ENTERPRISES HOLDINGS,
15  INC. WHICH WILL DO BUSINESS IN               | 1.  **Adverse Employment Action**
    CALIFORNIA AS MALLINCKRODT                   |     **(Termination and Retaliation) in**
16  PHARMACEUTICALS, a Delaware corporation;     |     **Violation of Public Policy;**
    MALLINCKRODT HOLDINGS, LLC, a
17  Delaware limited liability company;          | 2.  **Negligent Hiring, Supervision and**
    MALLINCKRODT ARD, INC., a California         |     **Retention;**
18  corporation; MALLINCKRODT ENTERPRISES
    HOLDINGS, INC., a California corporation; MI | 3.  **Violation of Cal. Labor Code**
19  HOLDINGS, INC., a Missouri company;          |     **§1102.5 (Retaliation);**
    MALLINCKRODT HOSPITAL PRODUCTS
20  INC.; a Delaware corporation; MALLINCKRODT   | 4.  **Violation of Federal False Claims**
    U.S. HOLDINGS, INC., a Nevada corporation;   |     **Act (Retaliation);**
21  QUESTCOR PHARMACEUTICALS, INC., a
    California corporation; and DOES 1 through 20, | 5.  **Concealment;**
22  inclusive,
                                                 | 6.  **Breach of Employment Contract;**
23                          Defendants.
                                                 | 7.  **Breach of Implied Covenant of**
24                                               |     **Good Faith and Fair Dealing;**

25                                               | 8.  **Unjust Enrichment;**

26                                               | 9.  **Failure to Provide Employee File**

27                                               | **DEMAND FOR JURY TRIAL**

28

                                  1
                              COMPLAINT

COMES NOW Plaintiff, BARRY FRANKS, and for causes of action against Defendants and each of them, complains and alleges as follows:

## PARTIES AND JURISDICTION

1.      Plaintiff, BARRY FRANKS (hereafter "FRANKS" or "Plaintiff") is an individual and was at all times relevant herein and during his employment with Defendants a resident of Edmond, State of Oklahoma.

2.      Plaintiff is informed and believes and thereon alleges that at all times relevant herein, Defendant MALLINCKRODT ENTERPRISES LLC (hereinafter "MALLINCKRODT ENTERPRISES" or "Defendant") is a Delaware limited liability company with an entity address of 675 McDonnell Blvd., Hazelwood, MO 63042, listed with the California Secretary of State, with an agent for service of process of CT Corporation System, address not listed and listed with the Missouri Secretary of State, with an agent for service of process of CT Corporation System, 120 South Central Avenue, Clayton, MO 63105.

3.      Plaintiff is informed and believes and thereon alleges that at all times relevant herein, Defendant MALLINCKRODT LLC (hereinafter "MALLINCKRODT LLC" or "Defendant") is a Delaware limited liability company with an entity address of 675 McDonnell Blvd., St. Louis, MO 63042, listed with the California Secretary of State, with an agent for service of process of CT Corporation System, address not listed and listed with the Missouri Secretary of State, with an agent for service of process of CT Corporation System, 120 South Central Avenue, Clayton, MO 63105.

4.      Plaintiff is informed and believes and thereon alleges that at all times relevant herein, Defendant ENTERPRISES HOLDINGS, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS MALLINCKRODT PHARMACEUTICALS (hereinafter "MALLINCKRODT PHARMACEUTICALS" or "Defendant") is a Delaware corporation with an entity address of 675 McDonnell Blvd., Hazelwood, MO 63042, listed with the California Secretary of State, with an agent for service of process of CT Corporation System at 818 W. Seventh Street, Suite 930, Los Angeles, CA 90017.

5.      Plaintiff is informed and believes and thereon alleges that at all times relevant herein, Defendant MALLINCKRODT HOLDINGS, LLC (hereinafter "MALLINCKRODT HOLDINGS,

1  LLC" or "Defendant") is a Delaware limited liability company, listed with the Missouri Secretary of

2  State, with an agent for service of process of CT Corporation System at 120 S. Central, Clayton, MO

3  63105.

4       6.    Plaintiff is informed and believes and thereon alleges that at all times relevant herein,

5  Defendant MALLINCKRODT ARD, INC. (hereinafter "MALLINCKRODT ARD" or "Defendant")

6  is a California corporation with an entity address of 675 McDonnell Blvd., St. Louis, MO 63042, listed

7  with the California Secretary of State, with an agent for service of process of CT Corporation System

8  at 818 W. Seventh Street, Suite 930, Los Angeles, CA 90017 and listed with the Missouri Secretary

9  of State, with an agent for service of process of CT Corporation System at 120 S. Central, Clayton, MO

10  63105.

11       7.    Plaintiff is informed and believes and thereon alleges that at all times relevant herein,

12  Defendant MALLINCKRODT ENTERPRISES HOLDINGS, INC. (hereinafter "MALLINCKRODT

13  ENTERPRISES HOLDINGS" or "Defendant") is a California corporation with an entity address of 675

14  McDonnell Blvd., Hazelwood, MO 63042, listed with the California Secretary of State, with an agent

15  for service of process of CT Corporation System at 818 W. Seventh Street, Suite 930, Los Angeles,

16  CA 90017.

17       8.    Plaintiff is informed and believes and thereon alleges that at all times relevant herein,

18  Defendant MI HOLDINGS, INC. (hereinafter "MI HOLDINGS" or "Defendant") is a Missouri

19  corporation with an entity address of 777 Third Avenue, New York, NY 10017, listed with the Missouri

20  Secretary of State, with an agent for service of process of CT Corporation System at 120 South Central

21  Avenue, Clayton, MO 63105.

22       9.    Plaintiff is informed and believes and thereon alleges that at all times relevant herein,

23  Defendant MALLINCKRODT HOSPITAL PRODUCTS INC. (hereinafter "MALLINCKRODT

24  HOSPITAL PRODUCTS" or "Defendant") is a Delaware corporation with an entity address of 675

25  McDonnell Blvd., Hazelwood, MO 63042, listed with the Missouri Secretary of State, with an agent

26  for service of process of CT Corporation System at CT Corporation System at 120 South Central

27  Avenue, Clayton, MO 63105.

28

COMPLAINT

10.     Plaintiff is informed and believes and thereon alleges that at all times relevant herein, Defendant MALLINCKRODT U.S. HOLDINGS, INC. (hereinafter "MALLINCKRODT U.S." or "Defendant") is a Nevada corporation with an entity address of 675 McDonnell Blvd., Hazelwood, MO 63042, listed with the California Secretary of State, with an agent for service of process of CT Corporation System at 818 W. Seventh Street, Suite 930, Los Angeles, CA 90017 and listed with the Missouri Secretary of State, with an agent for service of process of CT Corporation System at CT Corporation System at 120 South Central Avenue, Clayton, MO 63105.

11.     MALLINCKRODT ENTERPRISES LLC; MALLINCKRODT LLC; ENTERPRISES HOLDINGS, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS MALLINCKRODT PHARMACEUTICALS; MALLINCKRODT HOLDINGS, LLC; MALLINCKRODT ARD, INC.; MALLINCKRODT ENTERPRISES HOLDINGS, INC.; MI MOLDINGS, INC.; MALLINCKRODT HOSPITAL PRODUCTS INC. ; and MALLINCKRODT U.S. HOLDINGS, INC. are hereinafter collectively referred to as "MALLINCKRODT."

12.     Plaintiff is informed and believes and thereon alleges that the aforementioned MALLICKRODT entities are agents of the other and on account of, among other things, the degree of their interrelatedness,  thereby all acting in some capacity as Plaintiff's employer and/or are legally responsible for the conduct complained of herein.

13.     Plaintiff is informed and believes and thereon alleges that Defendant QUESTCOR PHARMACEUTICALS, INC. (hereinafter "QUESTCOR" or "Defendant") was a California corporation that had an entity address of 675 McDonnell Blvd., Hazelwood, MO 63042, listed with the California Secretary of State, with an agent for service of process of CT Corporation System at 818 W. Seventh Street, 2nd Floor, Los Angeles, CA 90017.  Plaintiff is informed and believes and thereon alleges that prior to August 2014 Defendant QUESTCOR had an entity address of 26118 Research Pl, the County of Alameda, California.  Plaintiff is informed and believes and thereon alleges that in 2014 certain of the MALLINCKRODT entities purchased and then merged with QUESTCOR.  Thus, any allegations as against QUESTCOR are intended to apply to MALLINCKRODT by virtue of such merger and acquisition.

14.     FRANKS is informed and believes and thereon alleges that venue and jurisdiction are proper in this court by virtue of:  (1) MALLINCKRODT and QUESTCOR at all relevant times conducted business in the County of Alameda, California; (2) certain adverse employment actions and ratification of same by QUESTCOR and MALLINCKRODT took place at 26118 Research Road, Hayward, the County of Alameda, California; (3) at all relevant time herein certain of FRANKS' supervisors and the human resources division for QUESTCOR and MALLINCKRODT with whom FRANKS interacted were located in Hayward, County of Alameda, California;  and (4) the relevant records are and/or were maintained or administered in the County of Alameda, California. Further, the amount in controversy exceeds the $25,000.00 jurisdictional minimum of the Superior Court.

15.     Plaintiff is unaware of the true names and capacities of the Defendants named as DOES 1 through 20, and therefore sues these Defendants as fictitious parties.  Plaintiff will, upon learning the true names and capacities of these DOE Defendants, seeks leave to amend the complaint so that the true names and capacities of these individuals may be added to the complaint.  At this time, Plaintiff states on information and belief that each of the fictitiously named Defendants are and/or acted as the agent of the other Defendants and is responsible for the occurrences herein alleged, and is liable to Plaintiff for the damages proximately caused thereby.

16.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants, including DOES 1 through 20, were agents, members, officers, servants, employees, joint ventures, partners, co-owners, alter egos, and/or subsidiaries of their co-defendants, and in doing the things alleged below, were acting within the scope of their agency, membership, office and employment, joint-venture, partnership, co-ownership, and/or subsidiary, and with the authority, permission, consent, authorization and ratification and/or at the direction of the other Defendants, and for this reason, as well as for other reasons yet unknown, are jointly and/or severally liable for each other's conduct and for every aspect of Plaintiff's claims, causes of action, and damages as more specifically set forth below.

17.     Plaintiff is informed and believes and on that basis alleged that Defendants, and each of them, were at all relevant times aware of the conduct of each of the other Defendants and approved and ratified the conduct.

## FACTUAL ALLEGATIONS

18.     FRANKS began working for QUESTCOR in or around October 2012 as a biopharmaceutical professional sales representative. FRANKS is presently 49 years of age. FRANKS brought with him to Questcor Pharmaceuticals in 2012 approximately 17 years in the pharmaceutical sales field, with a proven sales record in rheumatology.

19.     FRANKS was hired by QUESTCOR as Regional Sales Manager in the Autoimmune and Rare Diseases Division, specifically, the Rheumatology Division. FRANKS was hired to train and deploy representatives to launch the drug, H.P. Acthar Gel (Repository Corticotropin Injection) ("Acthar"), a very expensive injectable anti-inflammatory drug sold by Defendants.

20.     FRANKS is informed and believes and thereon alleges that, briefly, the history of Acthar is as follows: Acthar is a highly specialized, low-volume, premium-priced drug, that was originally approved by the FDA in 1952. Acthar is first-line treatment for infantile spasms, a rare, seizure disorder.  Acthar was approved for the treatment of MS relapse in 1978.  It was used extensively as a treatment for MS in the 1970s, but was largely abandoned in the 1980s after corticosteroids came on the market, as the powerful steroids proved to be a superior alternative to Acthar. QUESTCOR acquired the rights to Acthar in 2001 for $100,000. At the time, Acthar was almost exclusively being used to treat infantile spasms.  In 2007, Questcor filed an application with the FDA to obtain orphan drug status for Acthar for the treatment of infantile spasms. The FDA grants orphan status to a drug that treats a disease affecting fewer than 200,000 people. Orphan status provides a company with seven years of marketing exclusivity. At the same time the Company filed its application with the FDA, Questcor raised the price of Acthar from $1,650 per vial to $23,000 per vial. The FDA approved Questcor's orphan drug status application in October 2010.  Soon after QUESTCOR enacted the price hike, QUESTCOR began to promote Acthar and expand the use of the drug for other indications, initially focusing on using Acthar for the treatment of MS beginning at the end of 2007, followed by nephrotic syndrome in the first quarter of 2011.  Plaintiff is informed and believes and thereon alleges that QUESTCOR began marketing the drug for conditions that include multiple sclerosis, nephrotic syndrome and rheumatologic conditions.

21.     FRANKS is informed and believes and thereon alleges that in or around 2014, QUESTCOR was acquired by MALLINCKRODT and became a MALLINCKRODT company. FRANKS is informed and believed and thereon alleges that the acquisition was completed in or around August 2014.

22.     FRANKS is informed and believes and thereon alleges that prior to the 2014 acquisition, QUESTCOR's home office was located in Anaheim, California and its human resources division headquartered in Hayward, California. After the acquisition by MALLINCKRODT, FRANKS is informed and believes and thereon alleges that the human resources headquarters and the human resources personnel with whom FRANKS interacted remained at the Hayward, California location. Additionally, FRANKS is informed and believes and thereon alleges that at all relevant time herein certain of FRANKS' supervisors and the human resources division for QUESTCOR and MALLINCKRODT with whom FRANKS interacted were located in Hayward, County of Alameda, California.

23.     FRANKS is informed and believes and thereon alleges that at the time of acquisition and through the date of his separation from Defendants, FRANKS income was based upon a base salary component and sales incentive compensation components. Part of the sales incentive compensation component of his pay was commonly referred to as an Incentive Bonus Plan. Said Incentive Bonus Plan was part of his pay contract and FRANKS relied upon same in agreeing to work for Defendants and in continuing his employment with them.

24.     The Incentive Bonus Plan compensation almost always exceeded the base salary compensation, thus, it was an integral part of and crucial element of salespersons'/managers' total compensation and relied upon in accepting employment and remaining employed with Defendants. The Incentive Bonus Plan was typically updated quarterly.

25.     The Incentive Bonus Plan consisted of opportunities to earn additional income by way of bonuses if certain performance goals were met.   The performance goals were often based on historical baselines of performance. Achieving the prescribed performance goals would result in additional compensation.  This portion of the Incentive Bonus Plan was generally referred to as the

"Rheum incentive plan." The bonus compensation for the Incentive Bonus Plan consisted of grants of additional monetary compensation and grants of stock options/restricted stock units.

26.   In addition to the Rheum incentive plan, other contests or awards were presented to FRANKS and other employees as part of their Incentive Bonus Plan. There were contests/awards for achieving "President's Club status," awards for being the "Top Region," and awards for "Region MVP." These awards and contests were typically based upon growth performance or top sales performance of a manager, region, etc. The bonus compensation for these other awards/contests included such things as monetary compensation, grant of stock options/restricted stock units, and grants of a trip/vacation or vehicle.

27.   While employed, in addition to the monetary compensation and stock options described above, FRANKS was also provided with other employment benefits such as medical and life insurance and retirement benefits.

28.   Defendants' Rheumatology Sales team at the time of FRANKS' departure from employment with Defendants was divided into eight regions: Mid-Atlantic, Southeast, Northeast, Central, Northwest, Great Lakes, West, and South Central. FRANKS was the Regional Manager for Defendants' South Central, Rheumatology Division sales region.

29.   FRANKS is and was a hardworking, dedicated and successful professional who throughout his working career has been recognized for his talents.

30.   FRANKS was never written up during his employ with Defendants.

31.   Up until the very end of his employ, and only because of illegal and unjust reasons explained herein, FRANKS never had any complaints from his direct supervisors.

32.   FRANKS is informed and believes and thereon alleges that it is illegal for a pharmaceutical manufacturer to promote a drug that has not been approved by the Food and Drug Administration (FDA) for a particular medical use or indication. In other words, promotion of "off-label" use is prohibited. (Scientific data or studies regarding off-label use may not be presented or offered by a pharmaceutical company's sales representatives directly to health care providers or potential customers.)

33.     However, in direct contrast to the prohibition of off-label use, in mid to late 2014, FRANKS was pressured and unjustly criticized for underperforming sales of him and his team.  In mid to late 2014, the National Sales Director, Rheumatology Division, Doug Harmon, advised FRANKS that his team was not showing "explosive growth" as compared to other teams.  However, the reason for the "explosive growth" of other Rheumatology sales teams at that point in time was due, in part, to MALLINCKRODT requesting that its representative promote the Acthar drug in an illegal, off-label manner.

34.     Specifically, FRANKS is informed and believes and thereon alleges that the pressure on FRANKS was to increase his production by promoting prescription refills, and specifically Rheumatoid Arthritis (RA) refills.

35.     In response, FRANKS voiced his concerns regarding compliance issues.  FRANKS explained to Mr. Harmon his objection and concern as promotion for RA was an off-label promotion and the labeling for the drug specifically states with reference to "Rheumatic Disorders" that it is "an adjunctive therapy for short term administration (to tide the patient over an acute episode or exacerbation)" and at the time, there existed a lack of retreatment data and lack of long term data for the drug.  FRANKS was clear that he would not engage in illegal activities to increase sales or artificially boost his compensation plan.  Despite this, and being advised that employees were told by compliance not to "put anything in writing" regarding refills, FRANKS continued to feel extreme pressure to perform.  Mr. Harmon indicated a warning letter or performance plan may be forthcoming based on the alleged under performance.

36.     During his employ, FRANKS was advised that refills were excluded from the Incentive Bonus Plan.  However, this alleged under performance was, again, based on goals and incentives for promotion of Acthar in an off-label disease state (where there was no supportive data) and to promote maintenance therapy in a disease state with an acute dosing label.

37.     After Mr. Harmon was let go from MALLINCKRODT, Defendants again targeted FRANKS in the Fall of 2014.  A similar push and acknowledgment that to keep his job, FRANKS essentially had to push in off-label areas, came from Eldon Mayer, Senior Vice President.  FRANKS

1  again expressed his objection to participating in this type of sales activity.  Mr. Mayer repeated what

2  Mr. Harmon had indicated that FRANKS may receive a warning letter.

3       38.    FRANKS never received such a warning letter.  However, instead of a warning letter,

4  thereafter, FRANKS received in late October 2014 from human resources a proposed Separation of

5  Employment Agreement noting a termination effective date of October 31, 2014 (an agreement that

6  was never executed).  FRANKS was effectively terminated.

7       39.    FRANKS is informed and believes that this termination was in retaliation for FRANKS

8  expressing his concern regarding the off-label promotion and for refusing to promote in an off-label

9  manner.

10       40.    FRANKS is informed and believes and thereon alleges that there were illegal sales

11  practices being committed in other regions, and that MALLINCKRODT used these regions as the gold-

12  standard and/or basis for Incentive Bonus Plan rewards for which all regions were compared and asked

13  to duplicate.  FRANKS was expected to deliver sales results that were not supported by lawful

14  practices.

15       41.    By virtue of there being an "unlevel playing field," FRANKS was not only terminated

16  but also lost out on and was denied significant monetary compensation, stock units, and other benefits

17  that he would have earned had MALLINCKRODT conducted and exercised its administration of the

18  Incentive Bonus Plan in a fair, legal and ethical manner.  Compensation was conditioned on and/or

19  Defendants required Plaintiff to partake in unlawful conduct to reach certain compensation goals - -

20  goals that were inaccurately, unfairly, and unlawfully determined.

21       42.    FRANKS was also aware of other compliance related issues at MALLINCKRODT,

22  which FRANKS is informed and believes and thereon alleges that these issues include but are not

23  limited to: potentially insurance/Medicare fraud related to the refills as noted above, HIPAA violations

24  where four or eight week prescriptions were provided where there was no patient visit and violations

25  where MALLINCKRODT permitted, for a certain period of time, certain employees to manipulate the

26  compensation plan by having physicians write shorter prescription that were refilled, to earn a bonus

27  on the patient at the shorter prescription interval.  (Shorter prescriptions did not allow sufficient time

28  to see if a patient had responded to the drug.  In some cases, the drug was also shipped the same day

1   a referral was received.   This was done to "game the system" and potentially commit

2   insurance/Medicare fraud.)

3       43.     MALLINCKRODT'S wrongful employment actions have been devastating both

4   personally and financially.  For a biopharmaceutical professional with FRANKS' experience level and

5   performance, the wrongful conduct of MALLINCKRODT, which includes but is not necessarily

6   limited to, the termination and unjustified lower rankings compared to his counterparts is and was

7   damaging where he is forced to attempt to explain same to future employers. As a direct and proximate

8   result of Defendants' conduct FRANKS has suffered non-economic damages such as emotional distress

9   which includes such things as anxiety, depression, mood swings, humiliation, worry, anger, tension,

10  lowered self-esteem, embarrassment, harm to reputation, mental anguish and overall general emotional

11  distress. Said emotional distress has caused physical manifestations and physical injury to Plaintiff

12  including such things as insomnia, nausea, headaches, and at times, uncontrolled/involuntary shaking.

13  Additionally, the wrongful employment actions have resulted in significant economic damages such

14  as loss of income, loss of earning capacity, loss of job opportunity and other harms and damages.

15                          **FIRST CAUSE OF ACTION**

16  **Adverse Employment Action (Termination and Retaliation) in Violation of Public Policy**

17                  **(As to all Defendants and DOES 1 through 20, inclusive)**

18      44.     Plaintiff realleges and incorporates by reference the foregoing and subsequent

19  paragraphs as though fully set forth herein.

20      45.     The retaliatory conduct directed toward Plaintiff and Plaintiff's termination was in

21  violation of fundamental, basic, and substantial public policies. Plaintiff alleges that the adverse

22  employment actions alleged herein, specifically, the retaliation and wrongful termination, were

23  wrongful because they were in violation of state and federal public policy, including the California

24  Labor Code, section 1102.5; other states' similar anti-retaliation statutes; and the federal False Claims

25  Act (31 U.S.C. §§ 3729–3733).

26      46.     Plaintiff was harmed as a result of Defendants' conduct, and Defendants' conduct was

27  a substantial factor in causing Plaintiff's harm.

28

47.     Defendants wrongfully and unlawfully violated public policy by conduct that includes, but is not limited to, providing untruthful and false critiques of Plaintiff and providing untruthful and unwarranted threats of a warning letter, and ultimately, a wrongful termination all on account of lawful and compliant refusal to engage in off-label promotion activities and/or voicing concern about same. Defendants' conduct violated state and federal public policy.

48.     As a direct and proximate result of Defendants' unlawful conduct as alleged in this complaint, Plaintiff has suffered and continues to suffer non-economic damages such as emotional distress which includes such things as anxiety, depression, mood swings, humiliation, worry, anger, tension, lowered self-esteem, embarrassment, harm to reputation, mental anguish and overall general emotional distress, all in an amount according to proof.  Said emotional distress has caused physical manifestations and physical injury to Plaintiff including such things as insomnia, nausea, headaches, and at times, uncontrolled/involuntary shaking, all in an amount according to proof.

49.     As a further direct and proximate result of the unlawful conduct, the Plaintiff has suffered and continues to suffer economic damages for loss of income, wages, bonuses, loss of earning capacity, loss of employment benefits, loss of deferred compensation, loss of job opportunity and other losses, all in an amount according to proof.

50.     Plaintiff is informed and believes and thereon alleges that as a further direct and proximate result  of the Defendants' acts or omissions, Plaintiff has incurred and continues to incur costs and expenses including but not limited to, litigation costs, attorneys' fees, and other damages arising out of the conduct alleged herein as allowed by contract, statute or case law.

51.     Because the acts taken toward Plaintiff were carried out by Defendants acting in a deliberate, cold, callous, oppressive, and intentional manner in order to injure and damage Plaintiff, Plaintiff requests the assessment of punitive damages against Defendants in an amount appropriate to punish and make an example of Defendants.

52.     Plaintiff reserves the right to amend this cause of action and this complaint to conform to proof and/or to allege additional facts as discovery may warrant as the case progresses and/or at the time of trial.

## SECOND CAUSE OF ACTION

### Negligent Hiring, Supervision and Retention

### (As to all Defendants and DOES 1 through 20, inclusive)

53.     Plaintiff realleges and incorporates by reference the foregoing and subsequent paragraphs as though fully set forth herein.

54.     At all times Defendants had the duty and ability to control and/or supervise the actions of its employees.

55.     Defendants negligently and with reckless disregard, hired and supervised its employees and retained them after having notice of the unlawful and adverse employment actions of others. Defendants was on notice of the illegal conduct but did nothing or nothing effective to stop it.

56.     Defendants negligently and with reckless disregard failed to take immediate, appropriate, corrective action after being on notice and/or in response to Plaintiff's and other employees' complaints and failed to take steps to ensure that there would be no retaliation.

57.     As a direct and proximate result of Defendants' unlawful conduct as alleged in this complaint, Plaintiff has suffered and continues to suffer non-economic damages such as emotional distress which includes such things as anxiety, depression, mood swings, humiliation, worry, anger, tension, lowered self-esteem, embarrassment, harm to reputation, mental anguish and overall general emotional distress, all in an amount according to proof.  Said emotional distress has caused physical manifestations and physical injury to Plaintiff including such things as insomnia, nausea, headaches, and at times, uncontrolled/involuntary shaking, all in an amount according to proof.

58.     As a further direct and proximate result of the unlawful conduct, the Plaintiff has suffered and continues to suffer economic damages for loss of income, wages, bonuses, loss of earning capacity, loss of employment benefits, loss of deferred compensation, loss of job opportunity and other losses, all in an amount according to proof.

59.     Plaintiff is informed and believes and thereon alleges that as a further direct and proximate result  of the Defendants' acts or omissions, Plaintiff has incurred and continues to incur costs and expenses including but not limited to, litigation costs, attorneys' fees, and other damages arising out of the conduct alleged herein as allowed by contract, statute or case law.

60.     Plaintiff reserves the right to amend this cause of action and this complaint to conform to proof and/or to allege additional facts as discovery may warrant as the case progresses and/or at the time of trial.

## THIRD CAUSE OF ACTION

### Violation of *California Labor Code* § 1102.5

### (As to all Defendants and DOES 1 through 20, inclusive)

61.     Plaintiff realleges and incorporates by reference the foregoing and subsequent paragraphs as though fully set forth herein.

62.     *California Labor Code* Section 1102.5, among other things, prohibits employers from retaliating "against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties".

63.     In addition, *California Labor Code* Section 1102.5, among other things, prohibits employers from retaliating against an employee "for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation."

64.     As alleged herein, Defendants violated *California Labor Code* Section 1102.5 when Defendants retaliated against Plaintiff and took adverse employment actions against him for complaining about and refusing to participate in an activity that would result in the noncompliance with a local, state or federal rule or regulation. Defendants retaliated against Plaintiff after he reported illegal activity to his supervisors and after he informed MALLINCKRODT that he would not engage in unlawful activity to secure sales.

65.     As a direct and proximate result of Defendants' unlawful conduct as alleged in this complaint, Plaintiff has suffered and continues to suffer non-economic damages such as emotional distress which includes such things as anxiety, depression, mood swings, humiliation, worry, anger, tension, lowered self-esteem, embarrassment, harm to reputation, mental anguish and overall general emotional distress, all in an amount according to proof.  Said emotional distress has caused physical manifestations and physical injury to Plaintiff including such things as insomnia, nausea, headaches, and at times, uncontrolled/involuntary shaking, all in an amount according to proof.

66.     As a further direct and proximate result of the unlawful conduct, the Plaintiff has suffered and continues to suffer economic damages for loss of income, wages, bonuses, loss of earning capacity, loss of employment benefits, loss of deferred compensation, loss of job opportunity and other losses, all in an amount according to proof.

67.     Plaintiff is informed and believes and thereon alleges that as a further direct and proximate result  of the Defendants' acts or omissions, Plaintiff has incurred and continues to incur costs and expenses including but not limited to, litigation costs, attorneys' fees, and other damages arising out of the conduct alleged herein as allowed by contract, statute or case law.

68.     Because the acts taken toward Plaintiff were carried out by Defendants acting in a deliberate, cold, callous, oppressive, and intentional manner in order to injure and damage Plaintiff, Plaintiff requests the assessment of punitive damages against Defendants in an amount appropriate to punish and make an example of Defendants.

69.     Plaintiff reserves the right to amend this cause of action and this complaint to conform to proof and/or to allege additional facts as discovery may warrant as the case progresses and/or at the time of trial.

//

//

//

///

//

//

## FOURTH CAUSE OF ACTION

### Violation of Federal False Claims Act (Retaliation)

### (As to all Defendants and DOES 1 through 20, inclusive)

70.     Plaintiff realleges and incorporates by reference the foregoing and subsequent paragraphs as though fully set forth herein.

71.     Defendants retaliated against and terminated Plaintiff and same was motivated by Plaintiff's engagement in protected activities of which Defendants had knowledge. Specifically, the termination was the result of Plaintiff undertaking the investigation of and voicing complaints/concerns regarding the subject of this action and the allegations contained herein.

72.     Defendants have a duty under 31 U.S.C. § 3730(h) of the Federal False Claims Act (FCA) to refrain from taking retaliatory actions against employees who undertake protected activities in furtherance of the FCA, including investigation for, testimony for, or assistance in an FCA action.

73.     As alleged herein, Plaintiff undertook and was engaged in protected activities/actions protected under the aforementioned statutes.

74.     Plaintiff's employers knew that Plaintiff was engaged in such protected conduct by virtue of its investigation into the issue and by virtue of his complaints to supervisors about the potential fraud against the government and refusal to partake in same.

75.     As a direct and proximate result of Defendants' unlawful conduct as alleged in this complaint, Plaintiff has suffered and continues to suffer non-economic damages such as emotional distress which includes such things as anxiety, depression, mood swings, humiliation, worry, anger, tension, lowered self-esteem, embarrassment, harm to reputation, mental anguish and overall general emotional distress, all in an amount according to proof. Said emotional distress has caused physical manifestations and physical injury to Plaintiff including such things as insomnia, nausea, headaches, and at times, uncontrolled/involuntary shaking, all in an amount according to proof.

76.     As a further direct and proximate result of the unlawful conduct, the Plaintiff has suffered and continues to suffer economic damages for loss of income, wages, bonuses, loss of earning

1  capacity, loss of employment benefits, loss of deferred compensation, loss of job opportunity and other

2  losses, all in an amount according to proof.

3    77.    Plaintiff is informed and believes and thereon alleges that as a further direct and

4  proximate result  of the Defendants' acts or omissions, Plaintiff has incurred and continues to incur

5  costs and expenses including but not limited to, litigation costs, attorneys' fees, and other damages

6  arising out of the conduct alleged herein as allowed by contract, statute or case law.

7    78.    Because the acts taken toward Plaintiff were carried out by Defendants acting in a

8  deliberate, cold, callous, oppressive, and intentional manner in order to injure and damage Plaintiff,

9  Plaintiff requests the assessment of punitive damages against Defendants in an amount appropriate to

10  punish and make an example of Defendants.

11    79.    Plaintiff reserves the right to amend this cause of action and this complaint to conform

12  to proof and/or to allege additional facts as discovery may warrant as the case progresses and/or at the

13  time of trial.

14  ### **FIFTH CAUSE OF ACTION**

15  ### Concealment

16  ### (As to all Defendants and DOES 1 through 20, inclusive)

17    80.    Plaintiff realleges and incorporates by reference the foregoing and subsequent

18  paragraphs as though fully set forth herein.

19    81.    Plaintiff is informed and believes and thereupon alleges that Defendants owed Plaintiff

20  a duty to disclose all important facts relative to their employment.

21    82.    Plaintiff is informed and believes and thereupon alleges that Defendants intentionally

22  failed to disclose important facts that were known only to Defendants regarding their employment

23  and/or actively concealed facts regarding their employment.  These concealed facts include but are not

24  limited to:

25  -that Defendants would require and/or establish fraudulent, unethical and/or illegal based

26  expectations/bonus pay structure

27  -that employees would be expected to partake in unethical, off-label promotion in order to

28  earn certain bonus pay compensation

-that Defendants would in engage in and support questionable sales practices all in an effort to maximize profits

-that Defendants would require efforts not in their job description and not previously disclosed to Plaintiffs

-that Defendants would permit manipulation of the incentive bonus (compensation) plan

-that Defendants would significantly alter/revamp the incentive bonus (compensation) plan

83.     The aforementioned facts are facts that Plaintiff could not have discovered and/or facts that Defendants prevented them from discovering. Said facts were known only to Defendants, and were unknown to Plaintiff.

84.     Said facts are important as they directly impact Plaintiff's financial situation and their contracts with their employer. Plaintiff is further informed and believes and thereupon alleges that Defendants owed Plaintiff a duty to ensure that the actual method of payment of bonus compensation to them was based on legal and ethical standards.

85.     Plaintiff is informed and believes and thereupon alleges that Defendants intended to deceive Plaintiff by withholding the aforementioned facts.

86.     Plaintiff reasonably relied on Defendants' deception as the employer corporate entities and individuals, were persons Plaintiff believed he could trust.

87.     As a direct and proximate result of Defendants' unlawful conduct as alleged in this complaint, Plaintiff has suffered and continues to suffer non-economic damages such as emotional distress which includes such things as anxiety, depression, mood swings, humiliation, worry, anger, tension, lowered self-esteem, embarrassment, harm to reputation, mental anguish and overall general emotional distress, all in an amount according to proof. Said emotional distress has caused physical manifestations and physical injury to Plaintiff including such things as insomnia, nausea, headaches, and at times, uncontrolled/involuntary shaking, all in an amount according to proof.

88.     As a further direct and proximate result of the unlawful conduct, the Plaintiff has suffered and continues to suffer economic damages for loss of income, wages, bonuses, loss of earning capacity, loss of employment benefits, loss of deferred compensation, loss of job opportunity and other losses, all in an amount according to proof.

89.     Plaintiff is informed and believes and thereon alleges that as a further direct and proximate result of the Defendants' acts or omissions, Plaintiff has incurred and continues to incur costs and expenses including but not limited to, litigation costs, attorneys' fees, and other damages arising out of the conduct alleged herein as allowed by contract, statute or case law.

90.     Because the acts taken toward Plaintiff were carried out by Defendants acting in a deliberate, cold, callous, oppressive, and intentional manner in order to injure and damage Plaintiff, Plaintiff requests the assessment of punitive damages against Defendants in an amount appropriate to punish and make an example of Defendants.

91.     Plaintiff reserves the right to amend this cause of action and this complaint to conform to proof and/or to allege additional facts as discovery may warrant as the case progresses and/or at the time of trial.

## SIXTH CAUSE OF ACTION

### Breach of Employment Contract

### (As to all Defendants and DOES 1 through 20, inclusive)

92.     Plaintiff realleges and incorporates by reference the foregoing and subsequent paragraphs as though fully set forth herein.

93.     Plaintiff is informed and believes and thereon alleges that Plaintiff and Defendants were in an employment relationship.

94.     Plaintiff is informed and believes and thereon alleges that there were express contract(s) for pay by which Defendants agreed to pay Plaintiff certain bonus compensation in exchange for Plaintiff's employment. Plaintiff had various Incentive Bonus Plans providing the terms and conditions by which Plaintiff would earn bonus compensation.

95.     Additionally, Plaintiff is informed and believes and thereon alleges that Defendants promised by words or conduct not to discharge or demote Plaintiff but for good cause.

96.     Defendants offered a secure and long term employment relationship and led Plaintiff to believe that they had a commitment to Plaintiff's long term employment with them as they were hired as managers of a new team to launch the drug Acthar.

97.     Plaintiff is informed and believes and thereon alleges that Plaintiff performed all or substantially performed all of the terms, covenants and conditions required of him and if he failed to perform any term, covenant or condition, he was excused from doing so.

98.     Plaintiff is informed and believes and thereon alleges that Defendants and DOES 1-20 breached their contract with Plaintiff by failing to pay Plaintiff the rightful bonus compensation earned under their contracts with Plaintiff and also breached the contracts by intentionally creating and knowingly permitting working conditions that were intolerable.  As such, Defendants have refused to allow Plaintiff the benefits of the contracts and Defendants have failed to perform under the contracts in an agreed upon manner.

99.     Plaintiff is informed and believes and thereon alleges that Defendants breached their contracts with Plaintiff by failing to pay Plaintiff the bonuses earned under their contracts with Plaintiff where the terms set to earn bonus compensation where unreasonably and unrealistically set where compensation was conditioned on and/or Defendants required Plaintiff to partake in unlawful conduct to reach certain compensation goals - -goals that were inaccurately, unfairly, and unlawfully determined.

100.     Defendants and also breached the contracts by intentionally creating and knowingly permitting working conditions that were intolerable.  As a result of their conduct,  Defendants have refused to allow Plaintiff the benefits of the contracts and Defendants have failed to perform under the contracts in an agreed upon manner.

101.     As a direct and proximate result of Defendants' unlawful conduct as alleged in this complaint, Plaintiff has suffered and continues to suffer non-economic damages such as emotional distress which includes such things as anxiety, depression, mood swings, humiliation, worry, anger, tension, lowered self-esteem, embarrassment, harm to reputation, mental anguish and overall general emotional distress, all in an amount according to proof.  Said emotional distress has caused physical manifestations and physical injury to Plaintiff including such things as insomnia, nausea, headaches, and at times, uncontrolled/involuntary shaking, all in an amount according to proof.

102.     As a further direct and proximate result of the unlawful conduct, the Plaintiff has suffered and continues to suffer economic damages for loss of income, wages, bonuses, loss of earning

1    capacity, loss of employment benefits, loss of deferred compensation, loss of job opportunity and other

2    losses, all in an amount according to proof.

3        103.    Plaintiff is informed and believes and thereon alleges that as a further direct and

4    proximate result of the Defendants' acts or omissions, Plaintiff has incurred and continues to incur

5    costs and expenses including but not limited to, litigation costs, attorneys' fees, and other damages

6    arising out of the conduct alleged herein as allowed by contract, statute or case law

7        104.    Plaintiff reserves the right to amend this cause of action and this complaint to conform

8    to proof and/or to allege additional facts as discovery may warrant as the case progresses and/or at the

9    time of trial.

10                        **SEVENTH CAUSE OF ACTION**

11              **Breach of Implied Covenant of Good  Faith and Fair Dealing**

12              **(As to all Defendants and DOES 1 through 20, inclusive)**

13       105.    Plaintiff realleges and incorporates by reference the foregoing and subsequent

14    paragraphs as though fully set forth herein.

15       106.    Plaintiff is informed and believes and thereon alleges that there were express contract(s)

16    for pay by which Defendants agreed to pay Plaintiff certain bonus compensation in exchange for

17    Plaintiff's employment. Plaintiff had various Incentive Bonus Plans providing the terms and conditions

18    by which Plaintiff would earn bonus compensation.

19       107.    Additionally, Plaintiff is informed and believes and thereon alleges that Defendants

20    promised by words or conduct not to discharge or demote Plaintiff but for good cause.

21       108.    Defendants offered a secure and long term employment relationship and led Plaintiff

22    to believe that they had a commitment to Plaintiff's long term employment with them.

23       109.    Plaintiff is informed and believes and thereon alleges that Plaintiff performed all or

24    substantially performed all of the terms, covenants and conditions required of him and if he failed to

25    perform any term, covenant or condition, he was excused from doing so.

26       110.    Plaintiff is informed and believes and thereon alleges that said contract(s) contained

27    an implied covenant of good faith and fair dealing by which Defendants promised to give full

28    cooperation to Plaintiff and their performance under said contract(s). Defendants would refrain from

doing any act that would prevent or impede Plaintiff from performing all the conditions of the contract to be performed by Plaintiff, or any act that would prevent or impede enjoyment of the fruits of said contract(s). Specifically, said covenant of good faith and fair dealing required Defendants to fairly, honestly and reasonably perform the terms and conditions of the express agreement.

111.   The implied covenant of good faith and fair dealing further prohibited Defendants from subjecting Plaintiff to unfair, arbitrary or unlawful treatment.

112.   Plaintiff was in an inherently unequal bargaining position in dealing with the Defendants. In addition, once Plaintiff committed himself to the above-stated contract(s), and took the reasonable actions alleged herein in reliance, Plaintiff was placed in a particularly vulnerable position because he had given up seeking other employment opportunities. He had entrusted their entire livelihood to the Defendants' willingness to perform their obligations under the contract(s), and risked suffering great harm if the Defendants failed to perform. The Defendants were aware of Plaintiff's vulnerability in this regard.

113.   Plaintiff is informed and believes and thereon alleges that the Defendants breached their express contract(s) with Plaintiff by without good or sufficient cause, for reasons extraneous to the contract, and for the purpose of frustrating Plaintiff's enjoyment of the benefits of the contract(s) retaliating against and terminating Plaintiff after he lawfully expressed his concern and his refusal to participate in any off-label sales. Accordingly, the Defendants breached the implied duty of good faith and fair dealing.

114.   Plaintiff is informed and believe and thereon allege that Defendants breached their contract with Plaintiff by failing to pay Plaintiff the bonuses earned under their contracts with Plaintiff where the terms set to earn bonus compensation where unreasonably and unrealistically set where compensation was conditioned on and/or Defendants required Plaintiff to partake in unlawful conduct to reach certain compensation goals.

115.   As a direct and proximate result of Defendants' unlawful conduct as alleged in this complaint, Plaintiff has suffered and continues to suffer non-economic damages such as emotional distress which includes such things as anxiety, depression, mood swings, humiliation, worry, anger, tension, lowered self-esteem, embarrassment, harm to reputation, mental anguish and overall general

emotional distress, all in an amount according to proof.  Said emotional distress has caused physical manifestations and physical injury to Plaintiff including such things as insomnia, nausea, headaches, and at times, uncontrolled/involuntary shaking, all in an amount according to proof.

116.    As a further direct and proximate result of the unlawful conduct, the Plaintiff has suffered and continues to suffer economic damages for loss of income, wages, bonuses, loss of earning capacity, loss of employment benefits, loss of deferred compensation, loss of job opportunity and other losses, all in an amount according to proof.

117.    Plaintiff is informed and believes and thereon alleges that as a further direct and proximate result of the Defendants' acts or omissions, Plaintiff has incurred and continues to incur costs and expenses including but not limited to, litigation costs, attorneys' fees, and other damages arising out of the conduct alleged herein as allowed by contract, statute or case law.

118.    Plaintiff reserves the right to amend this cause of action and this complaint to conform to proof and/or to allege additional facts as discovery may warrant as the case progresses and/or at the time of trial.

## EIGHTH CAUSE OF ACTION

### UNJUST ENRICHMENT

### (As to all Defendants and DOES 1 through 20, inclusive)

119.    Plaintiff realleges and incorporates by reference the foregoing and subsequent paragraphs as though fully set forth herein.

120.    Defendants were enriched by obtaining the work, labor and services provided by Plaintiff. In exchange, Plaintiff received insufficient consideration in violation of the prevailing public policy.

121.    While Defendants were enriched by the services proved by Plaintiff, they were at the expense of Plaintiff, as Defendant did not fairly compensate Plaintiff and instead based compensation on unrealistic and, most significantly, goals/benchmarks that can only be obtained by illegal and/or off-label promotional means.

122. Plaintiff is informed and believes and thereon alleges that as a result of the wrongful acts by Defendants, as alleged herein, Defendants have been unjust enriched in the an amount to be proven at trial.

123. Plaintiff reserves the right to amend this cause of action and this complaint to conform to proof and/or to allege additional facts as discovery may warrant as the case progresses and/or at the time of trial.

**NINTH CAUSE OF ACTION**

**FAILURE TO PROVIDE EMPLOYEE FILE**

**(As to all Defendants and DOES 1 through 20, inclusive)**

124. Plaintiff realleges and incorporates by reference the foregoing and subsequent paragraphs as though fully set forth herein.

125. In accordance with Labor Code § 1198.5, Plaintiff made a demand for his employee file upon Defendants through his attorney on or around September 8, 2016. Defendants have failed and/or refused to provide Plaintiff's employee files to date.

126. As a result of Defendants' failure to comply with Plaintiff's California Labor Code 1198.5 demand, Plaintiff seeks recovery of the statutory penalty in the amount of Seven Hundred Fifty Dollars ($750.00), injunctive relief, attorney's fees, and costs of suit.

127. Plaintiff reserves the right to amend this cause of action and this complaint to conform to proof and/or to allege additional facts as discovery may warrant as the case progresses and/or at the time of trial.

**PRAYER**

**WHEREFORE**, Plaintiff prays for judgment as follows:

<u>On All Causes of Action:</u>

1. For compensatory damages including lost wages, lost employee benefits, bonuses, vacation benefits, mental and emotional distress, and other general and special damages, both economic and non-economic, according to proof;

2. For incidental, consequential and punitive damages according to proof;

3. For an injunction, restitution and disgorgement as allowed by law;

4.    For all applicable statutory penalties allowed by law;

5.    For prejudgment interest at the legal rate;

6.    For attorney fees as provided for under any statutory provision;

7.    For costs of suit; and

8.    For such other and further relief as the court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all claims.

DATED: October 7, 2016                    QUADE & ASSOCIATES, a PLC

By:    _____
       Michael W. Quade
       Cheryl L. Gustafson
       Attorneys for Plaintiff Barry Franks

COMPLAINT